# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRUNO MARCHIO | : | CIVIL ACTION NO.: |
| Plaintiff | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| STARBUCKS CORPORATION | : | November 28, 2022 |
| Defendant. | : |  |

## NOTICE OF REMOVAL

**TO:   THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

Defendant Starbucks Corporation ("Starbucks" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, premised on diversity and federal question jurisdiction, to the United States District Court for the District of Connecticut, and as grounds therefore states:

## I.      TIMELINESS OF REMOVAL

1.      On or about October 28, 2022 Plaintiff Bruno Marchio ("Plaintiff") served a copy of a Complaint (the "Complaint") and Summons on Defendant's agent of service, captioned *Bruno Marchio v. Starbucks Corporation*, and returnable to Connecticut Superior Court, J.D. of New Haven at New Haven. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a).  These are the only process, pleadings, and orders served on Defendant in this action.

2.      The first notice received by Defendant of the State Court Action occurred on or about October 28, 2022, when Plaintiff served the Complaint and Summons on Defendant's agent of service.

3.      Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.      VENUE

4.      The Superior Court of Connecticut, Judicial District of New Haven at New Haven is located within the geographic coverage of the United States District Court for the District of Connecticut.  28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.      BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In the Complaint, Plaintiff expressly alleges violations of the Title VII of the Civil Rights Act of 1964 ("Title VII") and Age Discrimination in Employment Act of 1967 ("ADEA"). Specifically, Plaintiff alleges that he was discriminated against because of his sexual orientation in violation of Title VII and discriminated against because of his age in violation of the ADEA (Pl. Compl., Counts Three & Four, attached at **Exhibit A**). This Court has original jurisdiction of this civil action because Plaintiff's claims arise under the Constitution and laws of the United States. 28 U.S.C. § 1331.  Accordingly, the Complaint raises a federal question and this Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. §1331, and removal of this action is authorized by 28 U.S.C. § 1441.

7.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's Complaint contains four counts against Defendant, alleging: age discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA")(Count

One); sexual orientation discrimination in violation of CFEPA (Count Two); sexual orientation discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) (Count Three), and age discrimination in violation of the ADEA.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of action "that they form part of the same case or controversy under Article III of the United States Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

8.      Here, Plaintiff's state law claims relate closely to his ADEA and Title VII claims. The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with and subsequent termination from Defendant. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of State law nor predominate over the claims over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction.  See 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

## IV.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

9.      This action is also properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

citizens of different States . . . ."

### A.   AMOUNT IN CONTROVERSY

10.     As set forth above, diversity jurisdiction exists "where the matter in controversy
exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

11.     In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand
"requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012
WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at p. 8. Where, as here, "the pleadings are
inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence
in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn.
2004)).

12.     In relation to his claims, Plaintiff seeks monetary damages, which include:
compensatory damages; damages for back pay; emotional distress; lost benefits; as well as attorneys'
fees and costs, and other relief.  (Pl.'s Compl. ¶¶ 9-11 & p. 9)

13.     According to the allegations in the Complaint, Plaintiff's employment with Defendant
terminated on or about April 8, 2021. (Compl. at ¶ 6(d)).  Therefore, as of the date of the Notice of
Removal, and assuming Plaintiff has not secured a new position, he has been out of work for over one
year and seven months (or about 85 weeks). According to the allegations in the Complaint, Defendant
hired Plaintiff as a Barista. (Compl. at ¶ 3).  Consequently, Plaintiff's alleged lost damages are likely
at least $75,000.  While Defendant does not concede or admit any damages, based on the likely date
of a trial in this matter, Plaintiff's claims for back pay damages, alone, will likely exceed $75,000.00,
if he is successful in his claims. Plaintiff also seeks damages for emotional distress, which Plaintiff has
not assigned a value to but may contribute to the actual amount in controversy.

14.     Finally, where attorneys' fees are potentially recoverable pursuant to statute, which is the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. § 46a-104. Given the nature of Plaintiff's claims, his attorneys' fees could exceed $75,000.00 if he is successful.

15.     Plaintiff's costs and expenses are accruing and will contribute to the actual amount in controversy.

16.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B.     DIVERSITY OF CITIZENSHIP

17.     According to his Complaint, Plaintiff is a resident and citizen of the State of Connecticut. (*See* Compl. ¶ 1).

18.     Defendant is a State of Washington corporation with its principal place of business in the State of Washington.  Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut.

19.     Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## V.     CONCLUSION

20.     To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

21.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B.**

50372168.v1-Ogletree

22.     By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE,** Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of Connecticut, Judicial District of New Haven to the United States District Court for the District of Connecticut.

**DEFENDANT,**
**STARBUCKS CORPORATION**

By /s/ *Nicole S. Mulé*
Kelly M. Cardin (CT29162)
Nicole S. Mulé (CT30624)
Ogletree Deakins Nash, Smoak & Stewart P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Phone: 203-969-3112
Fax: 203-969-3150
kelly.cardin@ogletree.com
nicole.mule@ogletree.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 28th day of November, 2022.

*/s/ Nicole S. Mulé*
Nicole S. Mulé

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* **235 Church St, New Haven, CT 06510** | Telephone number of clerk ( 203 ) 503 – 6800 | Return Date *(Must be a Tuesday)* 12/13/2022 |
|---|---|---|
| ☒ Judicial District   ☐ G.A.<br>☐ Housing Session   ☐ Number: | At *(City/Town)* **New Haven** | Case type code *(See list on page 2)* Major: **T**   Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* **Law Offices of Cicchiello & Cicchiello, LLC** | Juris number *(if attorney or law firm)* **419515** |
|---|---|
| Telephone number ( 860 ) 886 – 9300 | Signature of plaintiff *(if self-represented)* |
| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:  **Marchio, Bruno**<br>Address: **500 Howe Ave., Apt. 306, Shelton, CT 06484** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name:  **Starbucks Corporation**          **AFS: Prentice-Hall Corporation System**<br>Address: **2401 Utah Ave. S., Ste 800 MS: S-LA1, Seattle, WA 98134   225 Asylum St., 20th Fl., Hartford, CT 06103** | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date **10/27/2022** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | Name of person signing **John E. Sheer, Esq.** |
|---|---|---|---|

| If this summons is signed by a Clerk: | | *For Court Use Only* |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

### Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*

   (a) *Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   (c) *Applications for change of name*
   (d) *Probate appeals*
   (e) *Administrative appeals*
   (f) *Proceedings pertaining to arbitration*
   (g) *Summary Process (Eviction) actions*
   (h) *Entry and Detainer proceedings*
   (i) *Housing Code Enforcement actions*

### Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | T 03 | Defective Premises - Private - Other |
| | C 90 | All other | | T 11 | Defective Premises - Public - Snow or Ice |
| Eminent Domain | E 00 | State Highway Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 10 | Redevelopment Condemnation | | T 20 | Products Liability - Other than Vehicular |
| | E 20 | Other State or Municipal Agencies | | T 28 | Malpractice - Medical |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 29 | Malpractice - Legal |
| | E 90 | All other | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| Miscellaneous | M 00 | Injunction | | T 90 | All other |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 20 | Mandamus | | V 05 | Motor Vehicles* - Property Damage only |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 40 | Arbitration | | V 09 | Motor Vehicle* - All other |
| | M 50 | Declaratory Judgment | | V 10 | Boats |
| | M 63 | Bar Discipline | | V 20 | Airplanes |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 30 | Railroads |
| | M 68 | Bar Discipline - Inactive Status | | V 40 | Snowmobiles |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

RETURN DATE: Tuesday, December 13, 2022   :    SUPERIOR COURT

                              :

BRUNO MARCHIO                       :    J. D. OF NEW HAVEN

                              :

VS.                                :    AT NEW HAVEN

                              :

STARBUCKS CORPORATION         :    OCTOBER 27, 2022

## COMPLAINT

**FIRST COUNT:**        **Age Discrimination – State Law Claims**

1.     At all times mentioned herein, the **plaintiff, Bruno Marchio**, was and is a resident of the Town of Shelton, County of Fairfield, and State of Connecticut, and was a forty-eight (48) year old homosexual male.

2.     At all times mentioned herein, the **defendant, Starbucks Corporation d/b/a Starbucks Coffee Company** was and is a corporation licensed to operate in the State of Connecticut and operates a Starbucks coffee shop located at 552 New Haven Avenue in the Town of Derby, County of New Haven, and State of Connecticut. At all times herein mentioned, the defendant employed at least twenty (20) employees.

3.     On or about 2010, the plaintiff commenced employment with the defendant. In 2021, the plaintiff was employed as a Barista at the defendant's Starbucks coffee shop located at 552 New Haven Avenue in Derby, Connecticut

4.     The plaintiff performed all his job duties in a satisfactory and capable manner throughout the term of his employment with the defendant.

5. ·    During the term of employment with the defendant, the plaintiff endured a course of discrimination by the defendant, its agents, servants, or employees, which resulted in discriminatory treatment to plaintiff, based on his age and sexual orientation and said conduct was conducted in a manner which was fully recognized, tolerated, acknowledged, condoned, approved, ratified and, in effect, encouraged by defendant, through itself, its agents, servants and employees. Said conduct affected the terms and conditions of the plaintiff's employment.

6.    In particular, the severe and pervasive discriminatory and harassing conduct committed by the agents, servants or employees of the defendant consisted of the following:

   a.    The plaintiff was repeatedly harassed and belittled by Store Manager, Justin Shatava, who would make denigrating comments about the plaintiff's sexual orientation.

   b.    On one occasion, the plaintiff apologized for inadvertently making physical contact with Justin Shatava, who replied "I know it was [an accident], otherwise you would be on the floor."

   c.    Despite plaintiff's extensive work experience, Justin Shatava repeatedly refused to promote the plaintiff to Shift Supervisor, telling the plaintiff that "there was no space available." However, Mr. Shatava subsequently hired Keona Jones, Imonie Jones, and Ryan, all heterosexual people in their twenties, for the position. When plaintiff confronted Mr. Shatava about the refusal to promote the plaintiff, Mr. Shatava informed the plaintiff that the decision came from the District Manager, Loulie. When plaintiff confronted the District Manager about the refusal to promote the plaintiff, the plaintiff was told that the decision came from Mr. Shatava.

d.      On or about April 8, 2021, the Justin Shatava terminated plaintiff's employment based on false accusations of inappropriate behaviors on February 25, 2021 and March 13, 2021. Plaintiff's termination was part of a pattern of discriminatory animus against older and/or homosexual employees. Mr. Shatava terminated Patrick, Liz, and Patty, who were all older and/or homosexual employees, while hiring younger, heterosexual employees from outside the company.

7.      The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of the plaintiff's age in violation of Connecticut General Statutes § 46a-60(b)(1).

8.      The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9.      As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10.     As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11.     As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**SECOND COUNT:**    **Sexual Orientation Discrimination – State Law Claims**

1-6.    Paragraphs one through six of the First Count are incorporated herein and made paragraphs one through six of this Second Count as if fully set forth herein.

7.    The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of plaintiff's sexual orientation in violation of General Statute § 46a-81c.

8.    The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9.    As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10.    As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11.    As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**THIRD COUNT:**    **Sexual Orientation Discrimination – Federal Law Claims**

1-6.    Paragraphs one through six of the First Count are incorporated herein and made paragraphs one through six of this Third Count as if fully set forth herein.

7.      The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991.

8.      The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9.      As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10.     As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11.     As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**FOURTH COUNT:**      **Age Discrimination – Federal Law Claims**

1-6.    Paragraphs one through six of the First Count are incorporated herein and made paragraphs one through six of this Fourth Count as if fully set forth herein.

7.      The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of plaintiff's age in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 et seq.

8.     The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9.     As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10.    As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11.    As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**WHEREFORE**, the plaintiff claims:

1.  Just, fair and reasonable damages;

2.  Allowable costs;

3.  Attorney's fees;

4.  A trial by jury;

5.  Such other further relief as the court deems appropriate.

THE PLAINTIFF, BRUNO MARCHIO

BY      /s/ John E. Sheer
        John E. Sheer, Esq.
        Lorenzo J. Cicchiello, Esq.
        Her Attorneys
        Law Offices of Cicchiello & Cicchiello, LLC
        582 West Main Street
        Norwich, CT 06360
        860.886.9300 phone
        860.886.5963 fax
        Firm Juris # 419515

RETURN DATE: Tuesday, December 13, 2022   :   SUPERIOR COURT

:

BRUNO MARCHIO                     :   J. D. OF NEW HAVEN

:

VS.                                 :   AT NEW HAVEN

:

STARBUCKS CORPORATION     :

:   OCTOBER 27, 2022

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand for the above-referenced matter is greater than

FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs and interest.

THE PLAINTIFF, BRUNO MARCHIO

BY      /s/ John E. Sheer

John E. Sheer, Esq.
Lorenzo J. Cicchiello, Esq.
Her Attorneys
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515

# EXHIBIT B

NNH-CV22-6127728-S                    :        SUPERIOR COURT
                                      :
BURNO MARCHIO                         :        J.D. OF NEW HAVEN
                                      :        AT NEW HAVEN
v.                                    :
                                      :
STARBUCKS CORPORATION                 :        November 28, 2022

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL TO PARTIES**</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and

1446, Defendant Starbucks Corporation filed a Notice of Removal in the United States District

Court for the District of Connecticut, in connection with the above-referenced action. A copy of

Defendant's Notice of Removal is attached hereto as <u>Exhibit A</u>.

                              Respectfully submitted,

                              **DEFENDANT,**
                              **STARBUCKS CORPORATION**

                              By <u>*/s/ Nicole S. Mulé*</u>
                              Kelly M. Cardin
                              Nicole S. Mulé
                              Ogletree Deakins Nash, Smoak & Stewart P.C.
                              281 Tresser Boulevard, Suite 602
                              Stamford, CT 06901
                              Phone: 203-969-3112
                              Fax: 203-969-3150
                              kelly.cardin@ogletree.com
                              nicole.mule@ogletree.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was sent via electronic mail on November 28, 2022 to:

John E. Sheer, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main St.,
Norwich, CT 06360
john.cnc.attorneys@gmail.com
lorenzo.cicchiello@yahoo.com

By: /s/ Nicole S. Mulé
Nicole S. Mulé

50372161.v1-Ogletree

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRUNO MARCHIO | : | CIVIL ACTION NO.: |
| Plaintiff | : | |
|  | : | |
| v. | : | |
|  | : | |
| STARBUCKS CORPORATION | : | November 28, 2022 |
| Defendant. | : | |

## <u>NOTICE OF REMOVAL</u>

**TO:    THE UNITED STATES DISTRICT COURT FOR THE
       DISTRICT OF CONNECTICUT**

Defendant Starbucks Corporation ("Starbucks" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, premised on diversity and federal question jurisdiction, to the United States District Court for the District of Connecticut, and as grounds therefore states:

**I.      TIMELINESS OF REMOVAL**

1.      On or about October 28, 2022 Plaintiff Bruno Marchio ("Plaintiff") served a copy of a Complaint (the "Complaint") and Summons on Defendant's agent of service, captioned *Bruno Marchio v. Starbucks Corporation*, and returnable to Connecticut Superior Court, J.D. of New Haven at New Haven. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

2.      The first notice received by Defendant of the State Court Action occurred on or about October 28, 2022, when Plaintiff served the Complaint and Summons on Defendant's agent of service.

3.      Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.     VENUE

4.      The Superior Court of Connecticut, Judicial District of New Haven at New Haven is located within the geographic coverage of the United States District Court for the District of Connecticut.  28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.    BASIS FOR REMOVAL:  FEDERAL QUESTION JURISDICTION

5.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1331, which provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      In the Complaint, Plaintiff expressly alleges violations of the Title VII of the Civil Rights Act of 1964 ("Title VII") and Age Discrimination in Employment Act of 1967 ("ADEA"). Specifically, Plaintiff alleges that he was discriminated against because of his sexual orientation in violation of Title VII and discriminated against because of his age in violation of the ADEA (Pl. Compl., Counts Three & Four, attached at **Exhibit A**). This Court has original jurisdiction of this civil action because Plaintiff's claims arise under the Constitution and laws of the United States. 28 U.S.C. § 1331.   Accordingly, the Complaint raises a federal question and this Court has jurisdiction over the asserted claims pursuant to 28 U.S.C. §1331, and removal of this action is authorized by 28 U.S.C. § 1441.

7.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's Complaint contains four counts against Defendant, alleging: age discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA")(Count

One); sexual orientation discrimination in violation of CFEPA (Count Two); sexual orientation

discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) (Count Three), and

age discrimination in violation of the ADEA.   Pursuant to 28 U.S.C. § 1367, this Court has

supplemental jurisdiction over all other claims that are so related to Plaintiff's federal causes of

action "that they form part of the same case or controversy under Article III of the United States

Constitution."  State law claims fall within this Court's supplemental jurisdiction when they share

with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would

ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v.*

*Gibbs*, 383 U.S. 715, 725 (1966).

8.      Here, Plaintiff's state law claims relate closely to his ADEA and Title VII claims.

The claims all arise out of a common nucleus of operative facts: Plaintiff's employment with and

subsequent termination from Defendant. Therefore, this Court has supplemental jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Moreover, there is no reason why this

Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's

state law claims neither raise novel or complex issues of State law nor predominate over the claims

over which this Court has original jurisdiction, and there are no exceptional circumstances or other

compelling reasons for this Court to decline supplemental jurisdiction.  See 28 U.S.C. § 1367(c).

Thus, removal is proper under 28 U.S.C. § 1441(c).

## IV.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

9.      This action is also properly removable under 28 U.S.C. §1441(b) because the United

States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides

that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .

citizens of different States . . . ."

### A.    AMOUNT IN CONTROVERSY

10.    As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

11.    In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at p. 8. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

12.    In relation to his claims, Plaintiff seeks monetary damages, which include: compensatory damages; damages for back pay; emotional distress; lost benefits; as well as attorneys' fees and costs, and other relief.  (Pl.'s Compl. ¶¶ 9-11 & p. 9)

13.    According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about April 8, 2021. (Compl. at ¶ 6(d)).  Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, he has been out of work for over one year and seven months (or about 85 weeks). According to the allegations in the Complaint, Defendant hired Plaintiff as a Barista. (Compl. at ¶ 3).  Consequently, Plaintiff's alleged lost damages are likely at least $75,000.  While Defendant does not concede or admit any damages, based on the likely date of a trial in this matter, Plaintiff's claims for back pay damages, alone, will likely exceed $75,000.00, if he is successful in his claims. Plaintiff also seeks damages for emotional distress, which Plaintiff has not assigned a value to but may contribute to the actual amount in controversy.

14.     Finally, where attorneys' fees are potentially recoverable pursuant to statute, which is the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. § 46a-104. Given the nature of Plaintiff's claims, his attorneys' fees could exceed $75,000.00 if he is successful.

15.     Plaintiff's costs and expenses are accruing and will contribute to the actual amount in controversy.

16.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B.     DIVERSITY OF CITIZENSHIP

17.     According to his Complaint, Plaintiff is a resident and citizen of the State of Connecticut. (*See* Compl. ¶ 1).

18.     Defendant is a State of Washington corporation with its principal place of business in the State of Washington.  Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut.

19.     Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## V.     CONCLUSION

20.     To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

21.     In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B.**

5

22.      By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of Connecticut, Judicial District of New Haven to the United States District Court for the District of Connecticut.

**DEFENDANT,**
**STARBUCKS CORPORATION**

By /s/ Nicole S. Mulé
Kelly M. Cardin (CT29162)
Nicole S. Mulé (CT30624)
Ogletree Deakins Nash, Smoak & Stewart P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Phone: 203-969-3112
Fax: 203-969-3150
kelly.cardin@ogletree.com
nicole.mule@ogletree.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties.  Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 28th day of November, 2022.

/s/ Nicole S. Mulé
Nicole S. Mulé

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



**Instructions are on page 2.**

[ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

[X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

[ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **235 Church St, New Haven, CT 06510** | ( 203 ) 503 – 6800 | 12/13/2022 |

| [X] Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
|---|---|---|---|---|
| [ ] Housing Session | Number: | **New Haven** | Major: **T** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Law Offices of Cicchiello & Cicchiello, LLC | 419515 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 886 – 9300 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [ ] Yes [X] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|---|
| **First plaintiff** | Name: | **Marchio, Bruno** | P-01 |
| | Address: | **500 Howe Ave., Apt. 306, Shelton, CT 06484** | |
| **Additional plaintiff** | Name: | | P-02 |
| | Address: | | |
| **First defendant** | Name: | **Starbucks Corporation**        **AFS: Prentice-Hall Corporation System** | D-01 |
| | Address: | **2401 Utah Ave. S., Ste 800 MS: S-LA1, Seattle, WA 98134        225 Asylum St., 20th Fl., Hartford, CT 06103** | |
| **Additional defendant** | Name: | | D-02 |
| | Address: | | |
| **Additional defendant** | Name: | | D-03 |
| | Address: | | |
| **Additional defendant** | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | [X] Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| **10/27/2022** | | [ ] Clerk | **John E. Sheer, Esq.** |

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

Do *not* use this summons for the following actions:

(a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)

(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought

(c) Applications for change of name

(d) Probate appeals

(e) Administrative appeals

(f) Proceedings pertaining to arbitration

(g) Summary Process (Eviction) actions

(h) Entry and Detainer proceedings

(i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

RETURN DATE: Tuesday, December 13, 2022     :     SUPERIOR COURT

BRUNO MARCHIO     :     J. D. OF NEW HAVEN

VS.     :     AT NEW HAVEN

STARBUCKS CORPORATION     :     OCTOBER 27, 2022

            :  

## COMPLAINT

**FIRST COUNT:**       **Age Discrimination – State Law Claims**

1.     At all times mentioned herein, the **plaintiff, Bruno Marchio**, was and is a resident of the Town of Shelton, County of Fairfield, and State of Connecticut, and was a forty-eight (48) year old homosexual male.

2.     At all times mentioned herein, the **defendant, Starbucks Corporation d/b/a Starbucks Coffee Company** was and is a corporation licensed to operate in the State of Connecticut and operates a Starbucks coffee shop located at 552 New Haven Avenue in the Town of Derby, County of New Haven, and State of Connecticut. At all times herein mentioned, the defendant employed at least twenty (20) employees.

3.     On or about 2010, the plaintiff commenced employment with the defendant. In 2021, the plaintiff was employed as a Barista at the defendant's Starbucks coffee shop located at 552 New Haven Avenue in Derby, Connecticut

4.     The plaintiff performed all his job duties in a satisfactory and capable manner throughout the term of his employment with the defendant.

5.    During the term of employment with the defendant, the plaintiff endured a course of discrimination by the defendant, its agents, servants, or employees, which resulted in discriminatory treatment to plaintiff, based on his age and sexual orientation and said conduct was conducted in a manner which was fully recognized, tolerated, acknowledged, condoned, approved, ratified and, in effect, encouraged by defendant, through itself, its agents, servants and employees. Said conduct affected the terms and conditions of the plaintiff's employment.

6.    In particular, the severe and pervasive discriminatory and harassing conduct committed by the agents, servants or employees of the defendant consisted of the following:

a.    The plaintiff was repeatedly harassed and belittled by Store Manager, Justin Shatava, who would make denigrating comments about the plaintiff's sexual orientation.

b.    On one occasion, the plaintiff apologized for inadvertently making physical contact with Justin Shatava, who replied "I know it was [an accident], otherwise you would be on the floor."

c.    Despite plaintiff's extensive work experience, Justin Shatava repeatedly refused to promote the plaintiff to Shift Supervisor, telling the plaintiff that "there was no space available." However, Mr. Shatava subsequently hired Keona Jones, Imonie Jones, and Ryan, all heterosexual people in their twenties, for the position. When plaintiff confronted Mr. Shatava about the refusal to promote the plaintiff, Mr. Shatava informed the plaintiff that the decision came from the District Manager, Loulie. When plaintiff confronted the District Manager about the refusal to promote the plaintiff, the plaintiff was told that the decision came from Mr. Shatava.

   d. On or about April 8, 2021, the Justin Shatava terminated plaintiff's employment based on false accusations of inappropriate behaviors on February 25, 2021 and March 13, 2021. Plaintiff's termination was part of a pattern of discriminatory animus against older and/or homosexual employees. Mr. Shatava terminated Patrick, Liz, and Patty, who were all older and/or homosexual employees, while hiring younger, heterosexual employees from outside the company.

7. The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of the plaintiff's age in violation of Connecticut General Statutes § 46a-60(b)(1).

8. The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9. As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10. As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11. As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**SECOND COUNT:**  **Sexual Orientation Discrimination – State Law Claims**

1-6.  Paragraphs one through six of the First Count are incorporated herein and made paragraphs one through six of this Second Count as if fully set forth herein.

7.  The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of plaintiff's sexual orientation in violation of General Statute § 46a-81c.

8.  The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9.  As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10.  As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11.  As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**THIRD COUNT:**  **Sexual Orientation Discrimination – Federal Law Claims**

1-6.  Paragraphs one through six of the First Count are incorporated herein and made paragraphs one through six of this Third Count as if fully set forth herein.

7.      The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of sexual orientation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991.

8.      The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9.      As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10.     As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11.     As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**FOURTH COUNT:**    **Age Discrimination – Federal Law Claims**

1-6.    Paragraphs one through six of the First Count are incorporated herein and made paragraphs one through six of this Fourth Count as if fully set forth herein.

7.      The defendant discriminated against the plaintiff, failed to promote the plaintiff, and terminated plaintiff's employment because of plaintiff's age in violation of the Age Discrimination in Employment Act of 1967, 29 USC §621 et seq.

8.      The plaintiff filed a timely complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to a work-sharing agreement, to pursue all rights under state and federal law, and the plaintiff has exhausted all administrative remedies having received a Release of Jurisdiction for both complaints from the CHRO on August 11, 2022.

9.      As a result of the defendant's unlawful actions, the plaintiff has been and will continue in the future be deprived of substantial employment wages and earnings.

10.     As a further result of the defendant's unlawful actions, the plaintiff has and will in the future be deprived of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay, and other benefits available through his employment.

11.     As a further result of the defendant's unlawful actions, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and loss of self-esteem.

**WHEREFORE**, the plaintiff claims:

1.   Just, fair and reasonable damages;

2.   Allowable costs;

3.   Attorney's fees;

4.   A trial by jury;

5.   Such other further relief as the court deems appropriate.

THE PLAINTIFF, BRUNO MARCHIO

BY    ___/s/ John E. Sheer_____
John E. Sheer, Esq.
Lorenzo J. Cicchiello, Esq.
Her Attorneys
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515

RETURN DATE: Tuesday, December 13, 2022   :   SUPERIOR COURT

BRUNO MARCHIO   :   J. D. OF NEW HAVEN

VS.   :   AT NEW HAVEN

STARBUCKS CORPORATION   :   OCTOBER 27, 2022

<u>**STATEMENT OF AMOUNT IN DEMAND**</u>

The amount in demand for the above-referenced matter is greater than

FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs and interest.


THE PLAINTIFF, BRUNO MARCHIO


BY      /s/ John E. Sheer
John E. Sheer, Esq.
Lorenzo J. Cicchiello, Esq.
Her Attorneys
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515